# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DERRICK WATKINS,**

          Petitioner,

    v.                                  Case No. 22-CV-659

**STATE OF FLORIDA, et al.,**

          Respondent.

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner Derrick Watkins, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

In April 2021 Watkins was sitting outside at a Jacksonville, Florida mall "waiting to surprise a friend with an outdoor lunch" when a police officer approached him. (ECF No. 1 at 3-4.) The officer, "without explanation," handcuffed Watkins and took everything out of his pockets. (*Id.* at 4.) The officer put him in the back of his squad car

and searched the contents of his pockets. (*Id.*) Finding and checking his driver's license, the officer discovered that Watkins had "an out of state [violation of probation] for failure to report." (*Id.* at 5.) The officer arrested him. (*Id.* at 5-6.) Watkins was extradited to Wisconsin several months later. (*Id.* at 8.)

Watkins argues that the officer's search and arrest violated the Fourth Amendment "as there was no disturbance call nor any illegal activity going on that granted [him] to be unlawfully detained, searched, and arrested." (ECF No. 1 at 5.) Had the officer not detained him and searched his pockets, the officer would not have found his driver's license, would not have learned of the out-of-state violation of probation, and would not have arrested him. (*Id.* at 9-10.)

Evidence obtained in violation of the Fourth Amendment is subject to the exclusionary rule, which "protects the 'the [sic] right to be free from arbitrary intrusion by the police' by excluding '[e]vidence obtained by police officers in violation of the Fourth Amendment … in the hope that the frequency of future violations will decrease.'" *Haakenstad v. Symdon*, No. 16-cv-702, 2017 U.S. Dist. LEXIS 212933, at *11 (W.D. Wis. Dec. 29, 2017) (quoting *Stone v. Powell*, 428 U.S. 465, 483, 492 (1976)). But the exclusionary rule generally is not a basis for granting habeas relief because the costs of applying it outweigh the benefits. *Haakenstad*, 2017 U.S. Dist. LEXIS 212933, at *11-12 (quoting *Stone*, 428 U.S. at 490, 493-94). "[T]he primary aim of the exclusionary rule is to deter the police from violating the Fourth Amendment rather than to remedy an injury

to the individual." *Monroe v. Davis*, 712 F.3d 1106, 1113 (7th Cir. 2013) (citing *Stone*, 428 U.S. at 486). The prospect of evidence eventually being excluded on collateral review is too remote to deter police misconduct. *Id.* at 1113-14.

A habeas petitioner may obtain federal habeas review of a Fourth Amendment claim only if he can show "(1) that the state court denied him a full and fair hearing on his claim, and (2) that the claim was meritorious." *Monroe*, 712 F.3d at 1113. "Absent a subversion of the hearing process, [the court] will not examine whether the judge got the decision right." *Cabrera v. Hinsley*, 324 F.3d 527, 531 (7th Cir. 2003). "[The court's] role is not to second-guess the state court on the merits of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Monroe*, 712 F.3d at 1114. *See also Miranda v. Leibach*, 394 F.3d 984, 1001 (7th Cir. 2005) ("However, the question before us is not whether (in our view) the Illinois Appellate Court was right or wrong to find that Chavez was not under arrest, but whether that finding was so gravely mistaken, in view of the record evidence, as to suggest that the Illinois Appellate Court was unwilling to engage in a good faith review of Miranda's Fourth Amendment Claim.").

It appears that *Stone v. Powell* bars granting Watkins habeas relief. Nevertheless, Watkins failed to use the court's standard form as required under Civil Local Rule 9(a). *See* Civ. L. R. 9(a)(1). Watkins's use of the court's standard form may clarify his claims.

3

Therefore, this court will give Watkins an opportunity to re-file his petition using the court's standard form.

**IT IS THEREFORE ORDERED** that the petitioner re-file his petition using the court's standard form no later than August 26, 2022. Failure to re-file his petition by August 26, 2022 may result in the dismissal of his petition.

Dated at Milwaukee, Wisconsin this 28th day of June, 2022.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge